IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JERRY PETERSON,

        Plaintiff,

        v.

UNITED STATES OF AMERICA;
ROBERT A. MCDONALD, Secretary,
United States Department of Veterans
Affairs; MONICA MORTIMER-LAMB;
and THE SOUTHERN OREGON
REHABILITATION CENTER AND
CLINICS,

        Defendants.

Case No. 1:16-cv-01913-CL

REPORT AND RECOMMENDATION

_____

CLARKE, Magistrate Judge

Plaintiff alleges Defendants discriminated against him by failing to provide necessary medical care.[1] Defendants have moved to dismiss, arguing Plaintiff's claim is time barred (#6). For the reasons below, Defendants' motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff is a disabled U.S. military veteran whose conditions are 100 percent service connected. Because Plaintiff's disability is 100 percent serviced connected, he receives all of his medical care through Department of Veterans Affairs (the "VA") doctors. Plaintiff's service-connected conditions include Chronic Obstructive Pulmonary Disease, or COPD, apparently resulting from "three bilateral Pleurodesis surgeries and for gastric distress due to a vagotomy." Am. Compl. ¶ 10 [ECF No. 4.]. For more than a decade, Plaintiff was able to manage his recurring pain using medical marijuana during the night and pain medication, such as hydrocodone, during the day. In 2012, however, Plaintiff's ability to successfully manage his chronic pain was allegedly disrupted because Defendant Monica Mortimer-Lamb ("Mortimer-Lamb"), an employee of Defendant Southern Oregon Rehabilitation Center ("SORC"),[2] discontinued Plaintiff's pain-medication prescriptions "due to the fact that he tested positive for THC." Am. Compl. ¶ 12. Plaintiff contends that "[o]ther similarly situated patients were not tested for the presence of THC and/or were not denied their pain medications due to the presence of THC." Am. Compl. ¶ 17.

Three years later, in 2015, Plaintiff had surgery "due to a condition in his neck," Am. Compl. ¶ 13, and was provided a prescription for hydrocodone by the operating surgeon. The

---

[1] Plaintiff also alleged that, beginning in 2012, Defendants unlawfully denied Plaintiff medical care in retaliation for his wife's decision to sue Defendant Southern Oregon Rehabilitation Center, her former employer, for discrimination. In Plaintiff's Response to Defendants' Motion to Dismiss [ECF No. 7.], however, Plaintiff acknowledges "the facts to support the retaliation claim accrued in 2012 and therefore, are untimely." Consequently, Plaintiff has withdrawn his retaliation claim.

[2] Southern Oregon Rehabilitation center is a VA-owned and -operated facility located in White City, Oregon.

surgeon was apparently dismayed by SORC's 2012 decision to discontinue Plaintiff's pain-medication prescriptions. When the surgeon's prescription expired, Plaintiff attempted to obtain a refill at SORC, but Mortimer-Lamb, or some other SORC staff member, apparently denied his request, "solely on the basis that he was taking medical marijuana." Am. Compl. ¶ 15. Plaintiff argues SORC interfered with the doctor-patient relationship by denying him a refill.

Plaintiff brings a claim "for the tort of discriminatory failure to provide necessary medical services to a qualified veteran" against the VA, SORC, and Mortimer-Lamb. Am. Compl., at 2. Plaintiff argues Defendants discriminated against him by denying him "his rights to treatment for the pain caused" by his disability, Am. Compl. ¶ 18, and did so without first consulting him and exclusively because he tested positive for THC, an action that violates VHA Directive 2011-004, which "provides that a veteran shall not be denied medical services because he uses medical marijuana in accordance with the provisions of state law." Am. Compl. ¶ 29. Finally, in support of his discrimination claim, he alleges other, similarly situated veterans engaging in medicinal marijuana use have not been denied prescription pain medications. Plaintiff seeks damages as a result of Defendants' discriminatory denial of medical care.

Defendants have moved to dismiss Plaintiff's claim. They argue Plaintiff's claim is untimely, as it was brought beyond the requisite statute-of-limitations period. Indeed, Plaintiff's claim, Defendants point out, is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), a federal statute that expressly bars tort claims brought against the United States unless they are presented to the appropriate federal agency within two years after the claim accrues. Here, Defendants contend, the acts that give rise to the claim occurred in 2012, but Plaintiff did not present his claim to the VA until February 23, 2016, well beyond the two-year statute of limitations. Thus, Plaintiff's discrimination claim is time barred.

Plaintiff acknowledges he did not present his claim to the VA until February 23, 2016. Additionally, he does not dispute the fact that Mortimer-Lamb first made the decision to discontinue Plaintiff's pain-medication prescriptions in 2012. In arguing that his claim is timely, however, Plaintiff states it was the 2015 decision denying Plaintiff's application for renewal of his surgeon's hydrocodone prescription that constituted the tort of discriminatory failure to provide medical services. He opines that this 2015 decision was discriminatory because similarly situated veterans engaging in medicinal marijuana around the same time were not denied prescription pain medications, Defendants made the decision without first consulting Plaintiff, and did so solely because he used medical marijuana, in contravention of VHA Directive 2011-004.

Defendants counter, pointing to the fact that Plaintiff's Amended Complaint explicitly states that "[d]ue to the denial of treatment since 2012, [Plaintiff] has suffered damages including, unbearable pain, an impact on his companionship, a likely shortening of his life expectancy." Am. Compl. ¶ 20. Hence, Defendants contend, Plaintiff's claim began to accrue in 2012, "when he knew both the existence and cause of his injury." Def.'s Reply in Supp. of its Mot. to Dismiss, at 2 [ECF No. 8].

## STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency

of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id*. (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

As stated, Defendants argue Plaintiff's claim is untimely, as it was brought beyond the FTCA's statute-of-limitations period. The FTCA abrogates the United States' sovereign immunity with respect to tort claims. 28 U.S.C. § 2674. The FTCA states that the United States will be liable in tort suits "in the same manner and to the same extent as a private individual under like circumstances. . . ." *Id.* The FTCA "is the exclusive waiver of sovereign immunity for suits against the United States sounding in tort." *Gottschalk v. City and Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1161 (N.D. Cal. 2013) (quoting 28 U.S.C. § 1346(b)). The presentment of an FTCA claim must be made within two years of the claimant's cause of action. 28 U.S.C. § 2401(b). A claim is considered "'presented' to the federal agency upon its receipt." *Ward v. Ives*, No. 2:11-cv-1657-GEB-EFB P., 2014 WL 4417764, at * 6 (E.D. Cal. Sept. 4, 2014) (citing 28

C.F.R. § 14.2(a); *Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1249 (9th Cir. 2006)). "[U]nder the FTCA, a claim accrues when the plaintiff knows of his injury and its cause." *Washington v. United States*, 769 F.2d 1436, 1438 (9th Cir. 1985).

First, it is important to note the type of claim Plaintiff is bringing, as the language used in his Amended Complaint is somewhat ambiguous. Plaintiff's claim is one for personal injuries he contends resulted from Defendants' discriminatory failure to provide necessary medical care. Plaintiff's claim, as he acknowledges, is a tort claim; indeed, Plaintiff specifically invokes federal jurisdiction under the FTCA and states unequivocally that "[t]his action is for the *tort* of discriminatory failure to provide necessary medical services to a qualified veteran. . . ." Am. Compl., at 2 (emphasis added). Accordingly, while his Amended Complaint makes reference to allegedly discriminatory actions, his claim is not a retaliation claim under federal employment law or the Rehabilitation Act. Accordingly, the timeliness of Plaintiff's claim is determined exclusively by FTCA jurisprudence.

Plaintiff alleges that, beginning in 2012, SORC, through Mortimer-Lamb, made the decision to discontinue his pain-medication prescriptions. As a result of that decision, Plaintiff was no longer able to manage his chronic pain. He then explicitly states that "the denial of treatment *since* 2012" caused Plaintiff to suffer damages estimated to be worth $5,000,000.00. Am. Compl. ¶ 20 (emphasis added). Because Plaintiff did not present his claim to the VA until February 23, 2016, the presentment of his claim was not made within two years of the time the denial of treatment began.

Recognizing that this potentially undermines his case, Plaintiff argues that the later 2015 decision denying Plaintiff's application for renewal of his surgeon's hydrocodone prescription

constituted the tort of discriminatory failure to provide medical services. This argument is insufficient, however.

As discussed, a claim begins to accrue under the FTCA when the plaintiff knows of his injury and its cause. *Washington*, 769 F.2d at 1438. Here, there is no contention that, in 2012, Mortimer-Lamb discontinued Plaintiff's pain-medication prescriptions, leading to his inability to successfully manage his chronic pain. In fact, Plaintiff acknowledges as much in his Amended Complaint, stating he was able to manage his chronic pain "for more than ten years prior to 2012," when "Mortimer-Lamb[] made the decision to discontinue Plaintiff's pain medications due to the fact that he tested positive for THC. . . ." Am Compl. ¶¶ 11-12. Accordingly, Plaintiff was acutely aware of his alleged injury—an inability to manage his chronic pain, which led to suffering, including "unbearable pain"—and its cause—"denial of treatment since 2012"—four years before presenting his claim to the VA. Am Compl. ¶ 20.

And, while Plaintiff may have suffered further harm because of the 2015 decision to deny Plaintiff's application for renewal of his surgeon's hydrocodone prescription, this decision was part of the continuous, allegedly "discriminatory" denial of treatment that began in 2012; put simply, this decision was an extension of the underlying policy that caused plaintiff's injury, a policy that began four years before Plaintiff presented his claim to the VA. As stated, this finding is made by Plaintiff himself, who opines that the ongoing denial of treatment *since* 2012 has caused him injuries amounting to $5,000,000 in damages. Hence, the statute of limitations on plaintiff's tort claim began to run in 2012, when he was aware of both the injury and its cause.

Furthermore, even if Plaintiff were to argue, under traditional medical-malpractice principles, that the statute of limitations was tolled until the discriminatory failure to provide necessary medical care ended, his claim would still be precluded, as the Ninth Circuit has

expressly stated that the continuous-treatment doctrine is not available in FTCA medical-malpractice cases when the plaintiff, as here, is clearly aware of the acts constituting the alleged negligence. *Ashley v. United States* 413 F.2d 490, 492 (9th Cir. 1969). Plaintiff's claim is thus untimely and should be dismissed. Finally, because the statute of limitations has run, Plaintiff's claim cannot be cured and should therefore be dismissed with prejudice. *See Santillo v. United States*, No. 3:10-cv-02469 AJB (POR), 2011 WL 2729243, at *3 (S.D. Cal. Jul. 13, 2011) (dismissing the plaintiff's claims with prejudice for failure to file within the FTCA's two-year statute of limitations).

## RECOMMENDATION

For the foregoing reasons, Defendants' motion to dismiss (#6) should be GRANTED and Plaintiff's claim should be dismissed with prejudice.[3] This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

It is so ORDERED and DATED this 16 day of February, 2017.

MARK D. CLARKE
United States Magistrate Judge

[3]The Court notes that Plaintiff submitted two exhibits in support of his Response in Opposition to Defendants' Motion to Dismiss. The Court was able to resolve this matter without considering these exhibits or any other matters outside the pleadings. Fed. R. Civ. P. 12(d). Accordingly, Defendants' motion is not one for summary judgment. Nevertheless, even if the Court were to convert the motion to one for summary judgment under Rule 56, judgment should still be granted in Defendants' favor, as Plaintiff's exhibits do not rectify his failure to file within the FTCA's two-year statute of limitations.